# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Julia Tebelan Calel and Rosa Tebelan<br><br>Plaintiffs,<br><br>v.<br><br>Houston Nightlife Services, LLC. d/b/a Club Sekai    and<br>Guillermo Batz<br><br>Defendants. | Case No. 4:23-cv-495<br><br><br>PLAINTIFFS DEMAND TRIAL BY JURY |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE U.S. DISTRICT JUDGE:

## COMPLAINT

Plaintiffs, Julia Tebelan Calel ("Plaintiff" or "Julia") and Rosa Tebelan ("Plaintiff" or "Rosa"), by and through their attorney, James M. Dore, complain against Houston Nightlife Services, LLC. ("Defendant" or "Nightlife") and Guillermo Batz ("Defendant" or "Batz"). Nightlife and Batzmay collectively be referred to as "Defendants". In support of this Complaint, Plaintiffs state:

## Introduction

1. This action seeks redress for Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as any related state law claims, for Defendant's failure to pay overtime wages owed.

## Parties

2. Julia is a resident of Houston, Texas; and she was employed by Nightlife and Batz.

3. Rosa is a resident of Houston, Texas; and she was employed by Nightlife and Batz

4. Nightlife is a business that is located, headquartered, and conducts business in Houston, Texas.

5. Batz is a person that is located, headquartered, and conducts business in Houston, Texas. On information and belief, Batz is a resident of Houston, Texas.

6. Defendants are "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because they have annual gross volume of sales made or business done of at least $500,000; and because they are engaged in interstate commerce or in the production of goods for interstate commerce.

## Jurisdiction And Venue

7. The Court possesses subject matter jurisdiction over the FLSA claim(s) pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337; and supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367.

8. Venue is proper in the Southern District of Texas because all underlying facts and transactions occurred in or about Harris County, Texas.

## Facts Common To All Claims

9. Nightlife is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately owned for-profit entity.

10. Batz is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) they were Plaintiffs' head "boss" at Nightlife; (2) they had the power to hire and fire the employees, including Plaintiffs; (3) they supervised and controlled Plaintiff's work schedules and conditions of employment; (4) they determined the rate and method of payment for employees; and (5) they maintained employment records.

### COUNT I: VIOLATION OF THE FLSA
### (Julia v. Nightlife and Batz)

11. Plaintiff reincorporates by reference Paragraphs 1 through 10, as if set forth in full herein for Paragraph 11.

12. Plaintiff began working at Defendants in or before April 4, 2022, through October 16, 2022.

13. At all times, Plaintiff held the same position with Defendants, she was a dishwasher. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform dishwashing and food preparation for restaurant and bar, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

14. Plaintiff was paid their wages on a(n) daily basis.

15. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

16. Plaintiff's rate of pay was $18 per hour.

17. Defendants paid Plaintiff a rate of $0 per hour from September 15, 2022, through October 15, 2022.

18. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff minimum wages for all hours worked per week was a willful violation of the FLSA.

19. Plaintiff is entitled to recover unpaid minimum wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $1,450.00 in unpaid wages; (ii) liquidated damages of $1,450.00; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Julia's damages are attached as Exhibit A.

WHEREFORE, Plaintiff Julia respectfully requests that the Court enter a judgment in their favor and against Defendants Nightlife and Batz, jointly and severally, for:

   A. The amount of unpaid wages for all time worked by Plaintiff, totaling at least $1,450.00;

   B. An award liquidated damages in an amount equal to at least 1,450.00;

   C. A declaration that Defendants violated the FLSA;

   D. An award reasonable attorneys' fees and costs; and

   E. Any such additional or alternative relief as this Court deems just and proper.

**COUNT II: VIOLATION OF TEXAS REVISED CODE CHAPTER 61 SECTION 61.051**

**(Julia v. Nighlife and Batz)**

20. Plaintiff incorporates Paragraphs 1-19, as if set forth in full herein for Paragraph 20.

21. Defendants are each an "employer" as that term is defined in Texas Labor Code 62.002(2)(6).

22. Plaintiff is an "employee" as that term is defined in Texas Labor Code 62.002(2)(5).

23. Defendants failed to pay Plaintiff the minimum wage for all regular hours worked in violation of the FLSA and in violation of the Texas Labor Code 62.002(2)(6).

24. Defendants paid Plaintiff a rate of $0 per hour from September 15, 2022, through October 15, 2022.

25. The Texas Labor Code provides that Plaintiff is entitled to the amount of the unpaid wages plus an additional equal amount as liquidated damages, plus attorney's fees and costs.

26. Plaintiff hereby consents in writing to this action and verifies the same. See attached Exhibit C.

27. Plaintiff is entitled to recover unpaid minimum wages and liquidated damages for up to two (2) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $3,600.00 in unpaid overtime wages; (ii) liquidated damages of $3,600.00; and (iii) Plaintiff's attorney's fees and costs, to be determined. Ex. A.

WHEREFORE, Plaintiff Julia respectfully requests that the Court enter a judgment in their favor and against Defendants Nightlife and Batz, jointly and severally, for:

A. The amount of unpaid wages for all time worked by Plaintiff, totaling at least $3,600.00.

B. An award liquidated damages in an amount equal to at least $3,600.00;

C. A declaration that Defendants violated the Texas Labor Code;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

### COUNT III: VIOLATION OF THE FLSA
### (Rosa v. Nightlife and Batz)

28. Plaintiff reincorporates by reference Paragraphs 1 through 27, as if set forth in full herein for Paragraph 28.

29. Plaintiff began working at Defendants in or before January 2022, through October 2022.

30. At all times, Plaintiff held the same position with Defendants, she was a dishwasher. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform dishwashing and food preparation for restaurant and bar, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

31. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 28 hours per week.

32. Plaintiff was paid their wages on a(n) daily basis.

33. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

34. Plaintiff's rate of pay was $21.42 per hour.

35. Defendants paid Plaintiff a rate of $0 per hour from September 15, 2022, through October 15, 2022.

36. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff minimum wages for all hours worked per week was a willful violation of the FLSA.

37. Plaintiff is entitled to recover unpaid minimum wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $1,015.00 in unpaid minimum wages; (ii) liquidated damages of $1,015.00; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Rosa's damages are attached as Exhibit B.

WHEREFORE, Plaintiff Rosa respectfully requests that the Court enter a judgment in their favor and against Defendants Nightlife and Batz, jointly and severally, for:

A. The amount of unpaid wages for all time worked by Plaintiff, totaling at least $1,015.00;

B. An award liquidated damages in an amount equal to at least $1,015.00;

C. A declaration that Defendants violated the FLSA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

## COUNT IV: VIOLATION OF TEXAS REVISED CODE
### (Rosa v. Nighlife and Batz)

38. Plaintiffs incorporates by reference Paragraphs 1-37, as if set forth in full herein for this Paragraph 38.

39. Defendants are each an "employer" as that term is defined in Texas Labor Code 62.002(2)(6).

40. Plaintiff is an "employee" as that term is defined in Texas Labor Code 62.002(2)(5).

41. Defendants failed to pay Plaintiff the minimum wage for all regular hours in violation of the FLSA and in violation of the Texas Labor Code 62.002(2)(6).

42. Defendants paid Plaintiff a rate of $0 per hour from September 15, 2022, through October 15, 2022.

43. The Texas Labor Code provides that Plaintiff is entitled to the amount of the unpaid wages plus an additional equal amount as liquidated damages, plus attorney's fees and costs.

44. Plaintiff hereby consents in writing to this action and verifies the same. See attached Exhibit D.

45. Plaintiff is entitled to recover unpaid minimum wages and liquidated damages for up to two (2) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $2,999.80 in unpaid overtime wages; (ii) liquidated damages of $2,998.80; and (iii) Plaintiff's attorney's fees and costs, to be determined. Ex. B.

WHEREFORE, Plaintiff Rosa respectfully requests that the Court enter a judgment in their favor and against Defendants Nightlife and Batz, jointly and severally, for:

F. The amount of unpaid wages for all time worked by Plaintiff, totaling at least $2,998.80.

G. An award liquidated damages in an amount equal to at least $2,998.80;

H. A declaration that Defendants violated the Texas Labor Code;

I. An award reasonable attorneys' fees and costs; and

J. Any such additional or alternative relief as this Court deems just and proper.

s/   James M. Dore

**Justicia Laboral LLC**
**James M. Dore**
Texas Bar No. 24128272
*Attorneys for Plaintiffs*
6232 N. Pulaski Road, Suite 300
Chicago, IL 60646
P: 773-415-4898
E: jdore@justicialaboral.com

**Plaintiffs request trial by jury for all counts where allowed**